IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ELDON RAY SMITH, § | | |
| (TDCJ No. 01816018), § | | |
|     Plaintiff, § | | |
| § | | |
| vs. § | Civil Action No. 4:21-CV-035-P | |
| § | | |
| INTERNATIONAL § | | |
| SOLUTIONS, Inc., § | | |
| § | | |
|     Defendant. § | | |

**OPINION and ORDER OF DISMISSAL under 28 U.S.C. §§ 1915A & 1915(e)(2)(B) and for LACK OF JURISDICTION**

The case is before the Court for review of prose inmate-plaintiff Eldon Ray Smith's ("Smith") complaint under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). After conducting that review, the Court finds that Smith's claims under 42 U.S.C. § 1983 must be dismissed under authority of these provisions, and that the remaining claims must be dismissed for lack of jurisdiction.

## BACKGROUND

Smith initiated this suit with the filing of a prisoner civil rights complaint form accompanied by an application to proceed in forma pauperis. Compl., ECF No. 1; Mot. to Proceed In Forma Paupers, ECF No. 2. Although the case was originally filed in the United States District Court for the Eastern District of Texas, Beaumont Division, that court transferred the case to this district, and it was then assigned to the "P" docket of the undersigned judge. Order, ECF No. 4. This Court then issued an order imposing the filing fee collection under the terms of the Prison Litigation Reform Act ("PLRA"). Filing Fee

Order, ECF No. 9.

Smith names as the only defendant International Solutions, Inc. in Arlington, Texas. Compl. 3-4, ECF No. 1. Smith writes the following claim:

> On May 24th 1988, I was injured in an accident in Orange, Texas while working for orange shipbuilding. I received a lifetime medical policy that covers ALL medical needs that pertain to my injury. On 8-30-19 I had to have surgery for a small bowel obstruction that my surgeon and the medical records confirm, was caused from scar tissue that formed as a direct result of my 1988 injury, in which my ruptured spleen was removed. My policy has since then changed hands twice. International Solutions, Inc. now holds my policy according to Liberty Mutual Insurance, who obtained it from Wausau Insurance. International Solutions Inc. has refused me attention in all my attempt [sic] to resolve this matter! I went as far as sending them a certified letter on 10-30-2020 . . . They are liable for this unfortunate incident and their purposely avoiding me only shows their guilt in this matter.

Compl. 4-5, ECF No. 1. For relief in this action, Smith seeks for the Court to "hold International Solutions accountable for my lifetime medical policy [along with] reimbursement for medical care provided to me and compensation for my pain and suffering . . . ." *Id.* at 4.

**LEGAL STANDARD OF REVIEW UNDER §§ 1915A and 1915(e)(2)(B)**

Plaintiff Smith is an inmate who has been permitted to proceed in forma pauperis. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a). Because Smith is also proceeding in-forma-pauperis, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2) and § 1915A provide

for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.A. §§ 1915(e)(2)(B) and 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lack an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id*. at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

## ANALYSIS

### No Viable Claim under 42 U.S.C. § 1983 and Lack of Jurisdiction

After review of the complaint, the Court determines that Eldon Smith failed to properly invoke any basis for this Court to exercise jurisdiction over the subject matter of this case. The general rule is that a federal court obtains jurisdiction over subject matter only if the elements necessary to constitute diversity of citizenship are present under 28 U.S.C. § 1332, or if the cause of action arises under the Constitution, laws or treaties of the United States

under 28 U.S.C. § 1331.

First, as Plaintiff filed his complaint on a prisoner civil rights form to seek relief for a violation of his federal constitutional rights under 42 U.S.C. § 1983,[1] the Court considers whether plaintiff Smith has stated any claim under that provision. In order to do so, he must set forth facts in support of both of the required elements for an action under § 1983: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation of such right by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development*, 980 F.2d 1043, 1050 (5th Cir. 1993). Smith has failed to satisfy either element to state a claim under § 1983.

First, Smith has not alleged that defendant International Solutions, Inc. violated a constitutional or federal right, and the listed factual allegations do not state such a claim. See Compl. 4-5, ECF No. 1. Also, Smith has failed to allege facts to show that the Defendant acted under color of law with regard to the events made the basis of this suit. *See Cornish v. Correctional Services Corp., et al.*, 402 F.3d 545, 550 (5th Cir. 2005) (noting that under any of the many tests employed to decide whether a private actor's conduct can be fairly attributable to the State is a "necessarily fact-bound inquiry . . . .") (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982)). Thus, to the extent Smith's use of a civil-

---

[1] "Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

rights complaint form asserts claims for relief under 42 U.S.C. § 1983, those claims must be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii).

Because plaintiff Smith has not alleged any claim for relief under the Constitution or laws of the United States, he has not invoked the Court's federal-question jurisdiction under 28 U.S.C. § 1331. Also, in order to properly invoke diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must allege that the amount in controversy exceeds $75,000 and that he is a citizen of one state while the defendants are citizens of another. *See* 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship is required; a district court cannot exercise diversity jurisdiction if the plaintiff shares the same state citizenship as any one of the defendants. *See Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992) (citing *Strawberry v. Curtis*, 7 U.S. 267 (1806)). Here, defendant International Solutions, Inc. is identified as located in Arlington, Texas, and Smith is now housed at a facility in Henderson, Texas.[2] Eldon Smith has not asserted any facts to support jurisdiction on the basis of diversity of citizenship between him and the defendant. Thus, any other claims asserted by Smith in this action must be dismissed for lack of subject matter jurisdiction. *See* Fed R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

## CONCLUSION and ORDER

It is therefore **ORDERED** that plaintiff Eldon Ray Smith's claims under 42 U.S.C. § 1983 are hereby **DISMISSED WITH PREJUDICE** under authority of 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2) (B)(i) and (ii).

---

[2] Smith recently filed a Notice of Change of Address updating his address to the TDCJ East Texas Treatment Facility. ECF No. 10.

It is further **ORDERED** that all Smith's remaining claims are **DISMISSED** for lack of subject-matter jurisdiction with prejudice to the right to refile in federal court.

**SO ORDERED** this **15th day** of **March, 2021**.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

6